**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                  Case No.:    3:13-cr-144-J-34JRK

ANTONIO GOMEZ,

          Defendant.

_____/

**ORDER**

Before the Court is Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. 36, Motion).  Defendant seeks to reduce his prison term under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines, a retroactive guidelines amendment, see U.S.S.G. § 1B1.10(e) (2014).  See Motion at 2.  The Court appointed the Federal Public Defender's Office to represent Defendant. (Doc. 37, Order Appointing FPD).  The Federal Public Defender has notified the Court that Defendant appears to be ineligible for a reduction because Defendant's base offense level was not calculated by reference to the drug quantity table, U.S.S.G. § 2D1.1(c). (Doc. 41, FPD's Notice).  The United States Probation Office has reached the same conclusion.  (Doc. 38, Amendment 782 Memorandum).

The Court has reviewed the presentence investigation report and the Amendment 782 Memorandum from the United States Probation Office.  The record confirms that at sentencing, the Court did not rely on the drug quantity table set forth in § 2D1.1(c) to calculate Defendant's applicable sentencing guideline range.  Instead, the Court relied

upon § 2L1.2, the guideline for offenses involving illegal re-entry by an alien, the offense for which Defendant was charged. Amendment 782 only affects sentences determined by the application of the § 2D1.1(c) drug quantity table. See U.S.S.G. App. C, Amend. 782 (2014). Where, as here, "a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008). See also United States v. Funchess, 610 F. App'x 966, 967 (11th Cir. 2015) (Amendment 782 did not entitle defendant to sentence reduction where defendant's sentence was based on career offender guideline); U.S.S.G. § 1B1.10(a)(2)(B) (stating a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range.").

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. 36) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of November, 2015.

MARCIA MORALES HOWARD
United States District Judge

ja
Copies to:
Counsel of Record
United States Marshals Service
United States Probation Office
Bureau of Prisons
Defendant